IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phil Jemar Graham, # 13526-171,  )<br>  )<br>                  Petitioner,  )<br>  )<br>vs.  )<br>  )<br>Warden Curz,  )<br>  )<br>                  Respondent.  )<br>_____) | Civil Action No. 6:14-3284-TLW-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Pursuant to Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

       The petitioner is a federal prisoner and is serving a sentence of 132 months imprisonment for conspiracy to possess with intent to distribute and distribution of 50 grams of more of cocaine entered in *United States v. Phil Jemar Graham, a.k.a. Touche*, Criminal No. 4:05-CR-1210 (D.S.C.). The petitioner's convictions were entered pursuant to a guilty plea before the Honorable Terry L. Wooten, United States District Judge, on June 6, 2006. On December 22, 2006, Judge Wooten sentenced the petitioner to 192 months in prison. The petitioner appealed from the judgment. On November 5, 2007, the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *See United States v. Graham*, No. 07-4079, 253 F. App'x 319 (4th Cir. Nov. 5, 2007).

       On December 22, 2010, the petitioner filed a motion to reduce sentence (doc. 77) in Criminal No. 4:05-CR-1210. A hearing was held on the motion on February 1, 2011. On March 18, 2011, Judge Wooten issued an amended judgment reducing the petitioner's sentence to 132 months in prison (doc. 79).

On December 20, 2011, the petitioner filed a motion to vacate (doc. 82) under Section 2255 (Civil Action No. 4:11-3480-TLW), the proceedings of which are docketed in Criminal No. 4:05-CR-1210. On January 4, 2012, the United States filed a motion to dismiss (doc. 83). On January 5, 2012, a *Roseboro* order (doc. 84) was issued to apprise the petitioner of the dispositive motion procedure. On January 24, 2012, the petitioner filed his response (doc. 91) to the motion to dismiss. On August 20, 2012, Judge Wooten dismissed the § 2255 motion and denied a certificate of appealability. *See Graham v. United States*, Civil Action No. 4:11-3480-TLW, Crim. No. 4:05-1210, 2012 WL 3616860 (D.S.C. Aug. 20, 2012). The petitioner has also filed various post-judgment motions in Criminal No. 4:05-CR-1210, all of which have been denied.

On April 15, 2014, the petitioner filed a petition for writ of mandamus in the United States Court of Appeals for the Fourth Circuit, which was denied on June 23, 2014. *See In Re Graham*, No. 14-1366, 2014 WL 2809034 (4th Cir. 2014). On July 11, 2014, the petitioner filed a motion for authorization to file a successive § 2255 petition with the Fourth Circuit. The motion was denied on August 5, 2014.

In the Section 2241 petition in the case at bar, the petitioner raises one ground: "Petitioner does not have the requisite prior convictions to qualify as a career offender or 851 enhancement" (doc. 1 at 6). In his attached memorandum (doc. 1-1), the petitioner states that he is seeking relief — under Section 2241 or by a writ of coram nobis or audita querela — in light of the decisions in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and other habeas corpus statutes. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

*See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). Even when considered under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

The claims raised in the above-captioned case are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *See Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, Civil Action No. 9:11-2957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011) ("'Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.'"), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012). Since the petitioner is seeking relief from his conviction and sentence imposed in the United States District Court for the District of South Carolina in Criminal No. 4:05-CR-1210, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, Civil Action No. 1:11-3468-TLW-SVH, 2012 WL 405702, at *2 (D.S.C. Jan 20, 2012), *adopted by* 2012 WL 405697 (D.S.C. Feb. 8, 2012).

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the

legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This district court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *See Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

4

Since the petitioner has had a prior Section 2255 action adjudicated in the United States District Court for the South Carolina, the petitioner's available judicial remedy was to seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2255 petition. *See In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and 28 U.S.C. § 2244(b)(3). The petitioner utilized this remedy. The Court of Appeals on August 5, 2014, denied the petitioner's motion for leave to file a successive petition.

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return. It is also recommended that the district court deny a Certificate of Appealability. The petitioner's attention is directed to the Notice on the next page.

IT IS SO RECOMMENDED.

September 23, 2014                                         s/ Kevin F. McDonald
Greenville, South Carolina                               United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).